BRIDGEHEAD LAND COMPANY, for the Use and Benefit of RIVER'S EDGE, INC., Plaintiff in Error, v. ARTHUR B. HALE, E. A. McCOLSKY, JOHN HUGHEY FAULK, BROOKS W. BATEMAN and JAMES W. PERKINS, respectively, Chairman and Members of and Constituting the STATE ROAD DEPARTMENT, Defendants in Error.

199 So. 361
En Banc
Opinion Filed December 20, 1940
Rehearing Denied January 10, 1941

*M. A. Rosin,* for Plaintiff in Error;

*Richard P. Daniel,* for Defendant in Error.

TERRELL, C. J.—In October, 1929, Bridgehead Land Company conveyed to the State of Florida for the use of the State Road Department a 100-foot easement across

Government Lot One, Section 11, Township 44 South, Range 24 East, the said lands being on the north bank of and extending to the Caloosahatchee River in Lee County which was the northern boundary of Fort Myers.

In 1930-31, the State Road Department constructed the Tamiami Trail over this easement to the bank of the river and built what is known as Edison Bridge, one and one-quarter miles long spanning the river, the fill or approaches to the bridge on the north side being 620 feet wide and 1,500 feet long and were made by filling the river from the bank to the bridge. The State Road Department constructed a sixteen-foot concrete highway over the fill, planted rows of palm trees along the embankment, built fences to keep off the cattle, mowed the grass and otherwise kept the approaches in good condition.

In January, 1937, the plaintiff in error as plaintiff below brought an action of ejectment against defendants in error to secure possession of a portion of the foregoing lands. By stipulation, the case was tried before the court without a jury. At the conclusion of plaintiff's testimony, defendants moved for an instructed verdict which the court announced that it would grant. Plaintiff took nonsuit to which this writ of error was prosecuted.

The motion for directed verdict was predicated on the following grounds: (1) The fill was constructed on the bed of the Caloosahatchee River on lands vested in the City of Fort Myers by Chapter 6962, Acts of 1915. (2) All title, right, and interest in the lands in question was vested in the State Road Department by Chapter 17307, Acts of 1935. (3) The lands in question were dedicated to the State Road Department by a plat duly executed and recorded by the plaintiff. (4) Plaintiff failed to show title subject to recovery by ejectment, and (5) Plaintiff's claim is barred by laches.

After a careful examination of the record, we have reached the conclusion that the motion for directed verdict was good on at least three of the grounds relied on. At the outset, the easement carried the right of way to "mean low tide of the Caloosahatchee River." From this point, the fill was made on the bed of the river to the concrete portion of the bridge and the evidence fails to show title in the plaintiff in error to any lands beyond low tide. Being an action in ejectment, the burden was on the plaintiff to show that its riparian rights were violated but the evidence fails to do this.

In addition to claiming riparian ownership, plaintiff in error rests its case primarily on the invaldity of Chapter 6962, Acts of 1915, and Chapter 17307, Acts of 1935, it being contended that its riparian rights under the 1915 Act were violated.

On this point, it is sufficient to say that Chapter 6962 vested the submerged lands in question in the City of Fort Myers. Chapter 791 of the Acts of 1856, as amended by Chapter 8537, Acts of 1921, vested a qualified fee in the said lands to plaintiff in error but at no time prior to this litigation had it filled in or otherwise taken steps to perfect any right offered under the latter Act, so when the fill was constructed it had no claim on that part of the bed of the river.

As to Chapter 17307, Acts of 1935, it is contended that it is invalid because it abrogates a present remedy and provides nothing new in its place; in other words, it alters materially the law of adverse possession.

Chapter 17307 in effect provides that whenever any road heretofore constructed by the State Road Department shall have been kept in repair and worked continuously for a period of four years, it shall vest in the State Road De-

partment all right, title, and easement therein to the extent in width that has been worked and kept in repair.

This Act was considered by us in Palm Beach County v. South Florida Conservancy District, 126 Fla. 170, 170 So. 630. We there held that it operated as an Act of repose with respect to rights of way under the circumstances outlined but we did not treat the constitutional validity of the Act.

We find no merit in this assault but on the other hand, we find the Act well grounded in reason. It is shown that the State had constructed thousands of miles of hard-surfaced roads and that in many cases it had not acquired rights of way for them. The statute in effect provides that in all cases where lands had been appropriated for highway purposes and used for not less than four years that it would be presumed that the owners had dedicated them to such use unless that within one year they express a contrary intent in writing to the State Road Department or the public body maintaining the road.

Certainly it was important that the title to these roadbeds be settled and we find nothing unreasonable in the terms of the Act, all claimants were charged with notice of its contents and since thousands of dollars were being spent in the roads covered thereby and it was for an important public purpose, it was competent for the Legislature to appoint this means of settling the question. We have examined Theisen v. G. F. & A. Ry. Co., et al., 75 Fla. 28, 78 So. 491, relied on by plaintiff in error but it does not militate against this view and one year is time sufficient for any adverse claimant to file his claim.

The question of laches is concluded against plaintiff in error by Freed v. Miami Beach Pier Corp., 93 Fla. 888, 112 So. 841, the facts in the two cases being very similar.

Affirmed.

WHITFIELD, CHAPMAN, BUFORD, and ADAMS, J. J., concur.

BROWN and THOMAS, J. J., concur in conclusion.