PER CURIAM.
This is an appeal by the plaintiff below, Seaside Properties, Inc. [hereinafter called Seaside] from a final decree for the defendant in the action, State Road Department of the State of Florida [hereinafter called Road Department],
The question at issue between the parties concerned the ownership of a section of State Road 4-A, also known as Old Dixie Plighway, in Monroe County, Florida, to which Seaside claimed ownership by a deed dated September 26, 1951, and by virtue of adverse possession for more than seven years. The trial court found that title to the property in question was vested in the Road Department. This appeal followed.
The Road Department contends that it was the owner of the land in question under the provisions of Section 337.31, Florida Statutes, F.S.A., inasmuch as it had maintained the same for more than four years.
Section 337.31(1) provides as follows:
"Whenever any road constructed by any of the several counties or incorporated municipalities or by the department shall have been maintained, kept in repair or worked continuously and uninterruptedly for a period of four years by any county, municipality, or by the department, either separately or jointly, such road shall be deemed to be dedicated to the public to the extent in width which has been actually worked for the period aforesaid, whether the same has ever been formally established as a public highway or not. Such dedication shall be conclusively presumed to vest in the particular county in which the road is located, if it be a county road, or in the particular municipality, if it be a municipal street or road, or in the state, if it be a road in the state highway system or state park road sys *393 tem, all right, title, easement and appurtenances therein and thereto, whether there be any record of conveyance, dedication or appropriation to the public use or not.”
There was substantial competent evidence in the record to indicate that the road was constructed and completed around the year 1928, and had been continuously maintained for more than four years by the Road Department. When the facts establish that a road has been kept in repair and worked continuously for a period of four years by the State Road Department, the title thereto vests in the Road Department to the extent in width that the road has been worked and kept in repair. It is clear, therefore, that even if there were no original deed of the land in question to the Road Department, as claimed by Seaside, the title to the aforesaid land has vested in the Road Department under the statute. See: Bridgehead Land Co. for Use and Benefit of River’s Edge v. Hale, 1940, 145 Fla. 389, 199 So. 361; and Palm Beach County v. South Florida Conservancy Dist., 1936, 126 Fla. 170, 170 So. 630.
Seaside contends in the alternative, that even if the Road Department were the owner of the land in question, the evidence proves that it has (1) abandoned the same; or (2) that Seaside has acquired title to the land by reason of adverse possession.
The question of abandonment and non-use was resolved adversely to Seaside by the trial court, although there was conflicting evidence concerning the same. The question is based primarily on a statement of an engineer for the Road Department that the road had been abandoned, and other evidence that would show an abandonment.
In 25 Am.Jur. Highways, § 111, it is stated:
“The ancient maxim, 'once a highway, always a highway,’ which has frequently been quoted by the courts, is subject to many exceptions and qualifications. In so far as the rights of the public are concerned, the existence of a highway may be terminated by formal action by the public authorities having power and jurisdiction for such purpose, or according to the rule applied in most jurisdictions, by abandonment, either by unequivocal acts showing a clear intention to abandon or by nonuser. * * * A highway cannot be permanently closed or discontinued by the public authorities without compliance with the procedure prescribed by statute, or by public officials zvho do not possess authority for such purpose. Nor, as a rule, can the existence of a highway be terminated by the acts of abutting owners. * * * ” (Emphasis supplied)
A statement of an employee for the Road Department is insufficient to prove or show an intent to abandon. Section 336.09, Florida Statutes, F.S.A., provides that the Board of County Commissioners may close an existing public street, road, or highway by following certain procedures. If the statutory procedure is not followed, the road is not abandoned nor closed. Baskin v. State ex rel. Tracy, 1934, 115 Fla. 392, 155 So. 655; Dade County v. Snyder, 1939, 140 Fla. 135, 191 So. 185. There is no statutory provision by which the Road Department may close or abandon a highway, and being a creature of statute, it has only those rights and privileges given to it by statute.
 The State is authorized to convey property no longer needed for road purposes by conveyances which must be signed by the Chairman of the State Road Board of Florida and attested to by the Secretary. Section 334.12(2) (b), Florida Statutes, F.S.A., further provides that no action taken by the State Road Department shall be binding unless the same is taken in an open meeting and is reflected by the minutes. There was no showing that the Road Department had taken any action to *394 abandon the road, and we- do not find that • the trial court was in error in determining that there was insufficient evidence to prove abandonment of the road by the Road Department.
Turning next to the contention by Seaside that they have established ownership of the land in question by adverse possession, we observe that in 3 Am.Jur.2d Adverse Possession § 207, there is contained the following statement:
“Before it becomes material whether possession of a street, highway, park, square, or the like is adverse, the particular governmental body against whom the right is asserted must be subject to the running of the statute of limitations; the federal and state governments are not generally subject to the statute, and the tendency is to regard other governmental subdivisions in the same light, at least in regard to property held for public use. It is therefore a widely accepted general rule that the statute of limitations does not run in favor of those who occupy property of this character, and that no title can be acquired thereto by such occupancy, no matter how long it has been continued and whatever may have been its character. So, it has been held that the rights of the public in its highways cannot be lost by acquiescence in the use or occupation thereof by individuals, even though such highways have not been opened or used.”
* # * * * *
The Supreme Court of Florida has chosen to follow the great weight of authority in the case of Waterman v. Smith, Fla.1957, 94 So.2d 186, where it was held, generally, “that adverse possession of property held by a city for the use of the public cannot ripen into a prescriptive title.”
Therefore, it is our finding that there was substantial competent evidence to sustain the finding of the trial court that the Road ’ Department had acquired legal title to the land in question; that there was insufficient proof to constitute an abandonment by the Road Department of its right, title and interest in the land in question; and that the final decree was correct in the denial of the claim of adverse possession on the part of the plaintiffs.
For the reasons stated, the final decree be and the same is hereby
Affirmed.