QUESTION: Does a county which has constructed a road and maintained it continuously for more than four years have the authority to grant permission for laying a waterline under said road?
SUMMARY: The effect of s. 337.31(1), F.S., is to vest in a county the title to roads which have been constructed and maintained as provided in the statute, but the status of any particular road involves mixed questions of fact and law which can only be determined by a court. Section 337.31(1), F.S., provides, in pertinent part: (1) Whenever any road constructed by any of the several counties . . . shall have been maintained, kept in repair or worked continuously and uninterruptedly for a period of four years by any county . . ., such road shall be deemed to be dedicated to the public to the extent in width which has been actually worked for the period aforesaid, whether the same has ever been formally established as a public highway or not. Such dedication shall be conclusively presumed to vest in the particular county in which the road is located, if it be a county road . . . all right, title, easement and appurtenances therein and thereto, whether there be any record of conveyance, dedication or appropriation to the public use or not. (Emphasis supplied.) The operation of s. 337.31(1), id., vests in a county not only an easement for road purposes, but all "right" and "title" as well. See State Road Department v. Lewis, 170 So.2d 817 (Fla. 1964); Seaside Properties, Inc. v. State Road Department, 190 So.2d 391
(3 D.C.A. Fla., 1966); State Department of Transportation v. Florida East Coast Ry. Co., 262 So.2d 480 (3 D.C.A. Fla., 1972). Further, under s. 337.31(2), F.S., if a map is filed in the office of the clerk of the circuit court of the county in which such roads are located showing such lands and reciting thereon that they have vested in a county pursuant to s. 337.31, F.S., such map "shall be taken as prima facie evidence of the ownership of such lands . . . by the county. . . ." (Emphasis supplied.) On the basis of the foregoing, I am of the view that the operation of s. 337.31(1), supra, is to vest in a county the fee title to roads which have been constructed and maintained as provided in the statute. Accordingly, a county would appear to have authority to grant permission for the laying of a waterline under a road, title to which had vested in the county under the statute. However, as noted in AGO 073-257, . . . questions as to whether a county has acquired . . . fee title to a roadbed used by the county or the public, under s. 337.31, F.S., are mixed questions of fact and law which must be determined by the court in appropriate adversary proceedings initiated for that purpose.
Thus, in the final analysis, the authority of a county with respect to a particular road can only be decided by a court which has had placed before it for decision the factual and legal questions respecting ownership of that road.