McCORD, Judge
(specially concurring).
As to the contention that appellees acquired the property of appellants through operation of Subsection (1) of § 337.31, Florida Statutes, from examination of the record, it is my view that the evidence does not support such contention. Said statute provides as follows :
“(1) Whenever any road constructed by any of the several counties or incorporated municipalities or by the division of road operations shall have been maintained, kept in repair or worked continuously and uninterruptedly for a period of four years by any county, municipality, or by the division of road operations, either separately or jointly, such road shall be deemed to be dedicated to the public to the extent in width which has bpen actually worked for the period aforesaid, whether the same has ever been formally established as a public highway or not. Such dedication shall be conclusively presumed to vest in the particular county in which the road is located, if it be a county road, or in the particular municipality, if it be a municipal street or road, or in the state, if it be a road in the state highway system or state park road system, all right, title, easement and appurtenances therein and thereto, whether there be any record of conveyance, dedication or appropriation to the public use or not.”
These suits were filed on November 2 and November S, 1970. Appellees contend that the four year period of the above statute began to run when construction on the project began on September 29, 1966. If that contention is accepted, the four year period ran prior to the filing of these suits and the property was at that time vested in appellees. Appellants, on the other hand, contend that the four year period of the statute began to run on the completion of the project, which was on or about September 29, 1967 — less than four years prior to the filing of these suits. Appellants contend in the alternative that the period of the statute began to run not when the entire project was begun, but when construction started on appellants’ property, which the record shows was May 29, 1967 — within four years of the filing of these suits. It is my view that the period *205 of the statute does not begin to run until the road is completed. The statute, in its opening phrase, uses the wording, “Whenever any road constructed by any of the several counties . . . or by the division of road operations . . . ” It uses the past tense “constructed”, which infers that the road must be constructed before it is "maintained, kept in repair, or worked continuously.” In my view the maintenance repair and working after it has been constructed triggers the running of the four year period. The wording of the Supreme Court in State Road Department v. Lewis, Fla., 170 So.2d 817, lends support to this construction. There, the court in discussing application of § 337.31, Florida Statutes, stated:
“The Respondent’s inverse condemnation action was not commenced until July 16, 1960. As far back as December 1952 the widening of State Road 30 (U.S. 98) had been completed. The vehicular overpass was completed in 1958. During all of the time from 1953 the Petitioner has worked and maintained uninterrupted State Road 30 (U.S. 98)

The court then concluded that:
“It is, therefore, our holding that the widened portion of the road constructed in 1952 and continuously and uninterruptedly maintained since by Petitioner is vested in the public by the statute.”
Also, in the same vein, the District Court of Appeal, Second District, in Seaside Properties, Inc. v. State Road Department, Fla.App. (2d), 190 So.2d 391, in a case involving the application of the same statute, used wording which lends support to this statutory construction as follows :
“There was substantial competent evidence in the record to indicate that the road was constructed and completed around the year 1928, and had been continuously maintained for more than four years by the Road Department.”
It held that title to the property had vested in the Road Department by virtue of the statute.
An additional contention of appellees, however, has merit. The trial court specifically found that “the affirmative defenses are sustained by a preponderance of the evidence.” The affirmative defenses of Levy County alleged that the properties in contention in this suit were previously conveyed by the owners to the State of Florida. Certified copies of the deeds purportedly conveying this property to the state were received in evidence along with a chain sheet purportedly showing the complete history of the title to the land involved for the period from the United States Government to the date of the trial along with a composite exhibit of certified copies of all of the deeds shown on the chain sheet. The validity of the deeds purportedly conveying this property to the state was not challenged by any evidence offered by appellants. This evidence presented by appellees made a prima facie case that the deeds vested title to the property in question in the state. This constituted ample evidence to sustain the trial court’s order on this issue.