321 So.2d 435 (1975)
BOYS WORK INCORPORATED, a Florida Corporation, Appellant,
v.
J.M. GALE and St. Johns County, Florida, a Political Subdivision of the State of Florida, Appellees.
No. V-466.
District Court of Appeal of Florida, First District.
November 7, 1975.
*436 Hamilton D. Upchurch of Upchurch & Upchurch, St. Augustine, for appellant.
Richard O. Watson and Willard Howatt, St. Augustine, for appellees.
MILLS, Judge.
St. Johns County, cross plaintiff-appellee, sued Boys Work, cross defendant-appellant, seeking cancellation of a deed from it to Boys Work. Following trial before the court, the trial court found the deed void, and ordered it cancelled. Boys Work appeals from the adverse judgment. The issue before us is whether St. Johns County had jurisdiction to vacate a public road and deed the property to Boys Work without complying with the procedure required by Section 343.04, Florida Statutes 1941. St. Johns County did not have jurisdiction and we affirm.
In September 1923, Boys Work deeded Lot 45 of Boys Work Subdivision to St. Johns County subject to the restriction that at all times it be used for public road purposes. In January 1946, St. Johns County reconveyed the lot to Boys Work. Though the Minutes of the county commission do not reflect authority to execute and deliver the deed, the clerk's shorthand notes show that a motion was passed authorizing the chairman and clerk to execute and deliver the deed. Minutes of the February 1946 meeting reflect that the clerk was instructed to request Boys Work to reconvey the lot, as the county commission misunderstood the situation with reference to the use of the road. In response to the Clerk's request, by letter of 21 February 1946, an officer of Boys Work advised that it would not reconvey the entire lot to St. Johns County, but would deed a 30-foot right of way for use as a public road. In addition, the officer remarked that for many years the road had been closed, sand dunes covered it, and the runway washed away. After receipt of the letter, the minutes of the County Commission are silent, and no action was taken until this litigation was brought in August 1971. Since October 1923, Lot 45 has been marked "county exempt" on the tax assessor's rolls, and Boys Work has not paid taxes on the lot since it was reconveyed to it in January 1946.
Section 343.04, Florida Statutes 1941, provides:
"No public road can be established, changed or discontinued except on application to the county commissioners. Such application shall be made by petition duly signed by citizens, freeholders *437 living in the vicinity of the road sought to be established or changed."
This statute prescribes the rule for discontinuing a public therein. If the statutory procedure is not followed, the county commission lacks jurisdiction to proceed. Baskin v. State, 115 Fla. 392, 155 So. 655 (1934).
As the procedure prescribed by Section 343, Florida Statutes 1941, was not followed, the county commission lacked jurisdiction to execute and deliver the deed of January 1946 to Boys Work, therefore, the deed is void.
Counsel for Boys Work makes a persuasive presentation that the failure of the county commission to follow Section 343.04, Florida Statutes 1941, is cured by Section 336.11, Florida Statutes 1955, and that action by St. Johns County is barred by Section 95.23, Florida Statutes 1971. However, as we hold that the deed is void, we also hold the curative statute and the statute of limitations are not applicable to a void deed. Volusia County v. Del-Air Corp., 157 Fla. 316, 25 So.2d 804 (1946); Reed v. Fain, 145 So.2d 858 (Fla. 1962); Brown v. Floyd, 202 So.2d 215 (Fla.App. 1967).
Though not raised, we have considered Chapter 712, Florida Statutes, as well as Marshall v. Hollywood, Inc., 224 So.2d 743 (Fla.App. 4th, 1969); Marshall v. Hollywood, Inc., 236 So.2d 114 (Fla. 1970); and Reid v. Bradshaw, 302 So.2d 180 (Fla.App. 1st, 1974), and find that Chapter 712, Florida Statutes, is not applicable here as the deed before us was not recorded thirty years before suit was brought challenging its validity.
Affirmed.
RAWLS, Acting C.J., and SMITH, J., concur.