HERSEY, Judge.
These are consolidated appeals from a final order and amended final order entered on a counterclaim in condemnation proceedings determining that a portion of land owned by appellee, Ideal Holding Company, had been inversely condemned without just compensation.
We reverse. The issue at trial was whether that portion of a right-of-way being condemned, which exceeded in width a right-of-way previously acquired by the state, inured to the state by virtue alternatively of (a) common-law dedication, (b) proscriptive easement or (c) maintenance pursuant to Section 95.361, Florida Statutes (1981). The evidence establishes that the property had previously been acquired by the state under one or more of these theories.
On the issue of acquisition by maintenance pursuant to the statute, the parties and the trial court became embroiled in determining whether the maintenance performed by the state during the period in question had been “proper” maintenance. The test is not whether the maintenance is proper, or frequent, or thorough, or open and obvious. The test is whether the maintenance was appropriate to the circumstances and, if so, the statutory test is met. The property to be maintained .here consisted of a drainage ditch, so that minimal maintenance was required to permit the ditch to be utilized for draining surface waters from the remainder of the right-of-way. There was competent substantial evidence to support the position of appellant that the property had been acquired by maintenance pursuant to statute.
We therefore reverse and remand for entry of a judgment for appellant.
REVERSED and REMANDED.
HURLEY and WALDEN, JJ., concur.