**Heidi H. BOOTHE, Plaintiff-Appellant,**

v.

**MANATEE COUNTY, FLORIDA, Defendant-Appellee,**

**Florida Dept. of Transportation, Intervenor-Appellee.**

**No. 86-3030.**

United States Court of Appeals, Eleventh Circuit.

March 23, 1987.

Rehearing and Rehearing En Banc Denied April 29, 1987.

Steven G. Schember, Dykema, Gossett, Spencer, Goodnow & Trigg, Sarasota, Fla., for plaintiff-appellant.

Lane, Trohn, Bertrand & Williams, Lynn H. Groseclose, Charles T. Canady, A.H. Lane, Bradenton, Fla., for Manatee Cty.

James W. Anderson, Dept. of Transp., Franz Eric Dorn, Tallahassee, Fla., for Fla. DOT.

Before JOHNSON and ANDERSON, Circuit Judges, and GARZA *, Senior Circuit Judge.

PER CURIAM:

In this case, Boothe asserts that the title to Tallevast Road, on which her property faces, was taken without just compensation and without due process. Boothe challenges the constitutionality of Fla.Stat.

---

* Honorable Reynaldo G. Garza, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by desig-   nation.

Ann. § 95.361 (West 1982) which provides in relevant part as follows:

(1) When a road, constructed by a county, a municipality, or the Division of Road Operations, has been maintained or repaired continuously and uninterruptedly for 4 years by the county, municipality, or Division of Road Operations, jointly or severally, the road shall be deemed to be dedicated to the public to the extent in width that has been actually maintained for the prescribed period, whether the road has been formally established as a public highway or not. The dedication shall vest all right, title, easement, and appurtenances in and to the road in:

(a) The county, if it is a county road;

(b) The municipality, if it is a municipal street or road; or

(c) The state, if it is a road in the state highway system or state park road system,

whether there is a record of a conveyance, dedication, or appropriation to the public use or not.

(2) The filing of a map in the office of the clerk of the circuit court of the county where the road is located showing the lands and reciting on it that the road has vested in the state, a county, or a municipality in accordance with subsection (1) or by any other means of acquisition, duly certified by:

(a) The secretary of the Department of Transportation, if the road is a road in the state highway system or state park road system;

(b) The chairman and clerk of the board of county commissioners of the county, if the road is a county road; or

(c) The mayor and clerk of the municipality, if the road is a municipal road or street,

shall be prima facie evidence of ownership of the land by the state, county, or municipality, as the case may be.

At trial, it was established that the construction of the road at issue was widely publicized from 1915 through its completion in 1919. Construction was pursuant to a petition addressed to Manatee County requesting construction of the road and signed by 25% of the qualified free holders of the district. Construction was approved by referendum. It was also established at trial that Manatee County has consistently maintained the road since its construction, thus constituting maintenance for many more than four years. It was also established that Boothe's predecessor in title, and Boothe's ex-husband who was involved in Boothe's purchase of the property, believed that the county owned the road.

The Florida courts have held that Section 95.361 is a statute of repose, which, when its terms have been satisfied, presumes that the owners had dedicated the road for public use. *Bridge Head Land Co. v. Hale*, 145 Fla. 389, 199 So. 361 (1940).

Since this case involves a dedication, and not a taking, there is no merit in Boothe's argument that there has been a taking without just compensation. Moreover, even if there had been a taking rather than a dedication, the instant suit would be barred by *Williamson County Regional Planning v. Hamilton Bank*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). The Supreme Court in *Williamson* held that a landowner's § 1983 suit in federal court claiming a taking without just compensation is not ripe absent a showing that an inverse condemnation procedure is unavailable or inadequate. Florida law provides an inverse condemnation remedy upon the taking of a right of way for road purposes. *Pinellas County v. Austin*, 323 So.2d 6 (Fla.App.1975); *Division of Admin. v. Ideal Holding Co.*, 427 So.2d 392 (Fla.App. 1983). We conclude that Boothe "has not shown that the inverse condemnation procedure is unavailable or inadequate, and until it has utilized that procedure, its taking claim is premature." *Williamson*, 105 S.Ct. at 3122; *see also Anthony v. Franklin County*, 799 F.2d 681 (11th Cir.1986).

Similarly, there has been no deprivation of property without due process because there was a dedication and not a taking or deprivation of property. When the requirements of the statute have been satisfied, the governmental authority is presumed to own the roadway by dedication, without the necessity of proving a deed conveying the

right of way. The construction and maintenance of the road provided ample notice of the dedication to Boothe and her predecessors in title.

Boothe's other arguments are without merit and warrant no discussion.

AFFIRMED.