A. B. ZETROUER, *Appellant,* v. R. G. ZETROUER, *Appellee.*

En Banc.

Opinion Filed March 16, 1925.

Petition for Rehearing denied April 25, 1925.

1. A prohibitory, sometimes called preventive, injunction, is one that operates to restrain the commission or continuance of an act and to prevent a threatened injury, while a mandatory injunction is one which goes beyond a mere restraint and commands acts to be done or undone, and may require the performance of some affirmative acts.

2. It is well settled that mandatory injunctions are rarely granted before final hearing, or before the parties have full opportunity to present all the facts in such manner as will enable the court to see and judge what the truth may be; however, instances are not wanting where relief by mandatory injunction was granted on the proper showing made.

3. Where the common law obtains, twenty years continuous and uninterrupted use creates a prescriptive right as well in the public as private individuals. Such a right once obtained is valid and may be enjoyed to the same extent as if a grant existed, it being the legal intendment that its use was originally founded upon such a right.

4. Prescription is a mode of acquiring title to property by immemorial or long continued enjoyment. It refers to personal usage restricted to the claimant and his ancestors or grantors.

5. By virtue of Section 1602, Revised General Statutes, 1920, our law recognizes prescriptive right, and there being no other statute affecting the subject-matter, the common law rule of twenty years continuous and uninterrupted use prevails in our State.

6. Long continued use will as against the owner of the fee vest in the public an easement in the lands for highway purposes.

7. In the matter of granting mandatory injunctions each case must rest on its own facts and circumstances and whether or not the relief will be granted is in the sound discretion of the court.

An Appeal from the Circuit Court for Alachua County; A. V. Long, Judge.

Decree affirmed.

*Evans Haile* and *W. S. Broome*, for Appellant;

*Hampton & Hampton*, for Appellee.

TERRELL, J.—October 9, 1923, R. G. Zetrouer filed his amended bill in the Circuit Court of Alachua County praying for mandatory injunction to require A. B. Zetrouer to open a certain road which he the said A. B. Zetrouer had caused to be closed by constructing fences across it and depriving R. G. Zetrouer, complainant, of the use thereof.

The bill was sworn to. Demurrer thereto was overruled and answer was filed denying the allegations of the bill. A large number of affidavits were filed by complainant in support of the application for injunction, and on hearing the court granted a temporary mandatory injunction. Appeal is taken from the order granting such injunction.

As applied to this suit injunctions are classified as prohibitory and mandatory. A prohibitory, sometimes called preventive, injunction is one that operates to restrain the commission or continuance of an act and to prevent a threatened injury, while a mandatory injunction is one which goes beyond a mere restraint and commands acts to be done or undone, and may require the performance of some affirmative acts.

It is well settled that mandatory injunctions are rarely granted before final hearing, or before the parties have

full opportunity to present all the facts in such manner as
will enable the court to see and judge what the truth may
be; however, instances are not wanting where relief by
mandatory injunction was granted on the proper showing
made. Taylor v. Florida East Coast R. Co., 54 Fla. 635, 45
South. Rep. 574; Florida East Coast R. Co. v. Taylor, 56
Fla. 788, 47 South. Rep. 345; City of Ocala v. Anderson, 58
Fla. 415, 50 South. Rep. 572; 14 R. C. L. 317.

In the case at bar the right to the mandatory injunction
is based on the ground that constructing the fences and
closing the road in the manner alleged in the bill of com-
plaint causes special or peculiar injury to complainant
different in kind and not merely in degree from that suf-
fered by the public at large.

To support the claim of special or peculiar injury the bill
in effect alleges that complainant and his predecessors in
title have used the road in question ''continuously, uninter-
ruptedly and adversely to any and all claims and rights of
any and all persons whomsoever for more than 30 years;''
that said road leads from complainant's home by way of
Rochelle to his farm and cattle range on Paynes Prairie;
that said road is the only road that leads direct from com-
plainant's home to his farm and cattle range that can be
traveled the year around; that there is another round about
way by which complainant can reach his farm and cattle
range, but part of the time it is impassable, is not a public
way and may be closed at any time; that to be compelled
to travel said last named way would impose extra expense
and undue hardship on complainant, and that the road so
closed by defendant is the only practical or feasible way by
which complainant can reach his said farm and cattle range
and care for same as has been his custom to do, and that
by reason of such use complainant now has an easement
over and upon said road.

The question then recurs whether the road had a legal

existence at the time it was obstructed by defendant. The affidavits amply support the claim of continuous, uninterrupted use of the road by complainant and the public for more than thirty-five years. Where the common law obtains, twenty years continuous and uninterrupted use has always created a prescriptive right as well in the public as private individuals. Such a right once obtained is valid and may be enjoyed to the same extent as if a grant existed, it being the legal intendment that its use was originally founded upon such a right. Town of Lewiston v. Proctor, 28 Ill. 414; City of Chippewa Falls v. Hopkins, 109 Wis. 611, 85 N. W. Rep. 553; 1 Elliott on Roads and Streets (3rd ed.) 218; Campton's Petition, 41 N. H. 197; Pruden v. Lindsley, 29 N. J. Eq. 615; Commonwealth v. Cole, 26 Pa. St. 187.

Prescription is a mode of acquiring title to property by immemorial or long continued enjoyment. It refers to personal usage restricted to the claimant and his ancestors or grantors. The original theory was that the right claimed must have been enjoyed beyond the period of the memory of man, which for a long time in England went back to the time of Richard 1st. To avoid the necessity of proving such long duration a custom arose of allowing a presumption of a grant on proof of usage for a long term of years, which is now regulated by statute in most States.

Section 1602, Revised General Statutes of Florida, 1920, provides that all roads established by law or *by prescription* shall be public roads and under the management of the Board of County Commissioners. By virtue of this statute our law recognizes prescriptive right, and there being no other statute affecting the subject-matter, the common law rule of twenty years continuous and uninterrupted use prevails in our State. 1 Elliott on Roads and Streets (3rd ed.) pp. 218, 219. See Whitesides v. Green, 13 Utah 341, 44 Pac. Rep. 1032, 57 Am. St. Rep. 740, text

744, for exhaustive discussion of the subject of highways by user.

In this view we are not unmindful of that expressed by some authorities to the effect that as to highways the doctrine of prescription has no application. This doctrine, however, seems to be based on the theory that prescription presupposes a grant from the rightful owner and that the public cannot take title by grant. It may be possible that if superlatively restricted the doctrine of prescription would not apply to highways, but it is a fact that they are created and acquired by the public in ways so nearly resembling the acquirement of title by prescription that we are in line with the decided weight of authority in holding that highways do exist by prescription. Elliott on Roads and Streets, 217, and authorities cited.

Long continued use will as against the owner of the fee vest in the public an easement in the lands for highway purposes. Elliott on Roads and Streets, 165, 218 and 219. Such an easement may be protected on behalf of the public or any unit thereof on proper cause shown. Brown v. Florida Chautauqua Ass'n., 59 Fla. 447, 52 South. Rep. 802; 19 C. J. 996; 14 R. C. L. 317; State of West Virginia *ex rel.* Powhatan Coal & Coke Co. v. Ritz, 60 W. Va. 395, 56 S. E. Rep. 257, 9 L. R. A. (N. S.) 1225; Central Trust Co. of New York v. Moran, 56 Minn. 188, 57 N. W. Rep. 471, 29 L. R. A. 212.

In the matter of granting mandatory injunctions each case must rest on its own facts and circumstances and whether or not the relief will be granted is in the sound discretion of the court. 19 C. J. 997; 14 R. C. L. 315.

Inspection of the decree granting the mandatory injunction in the instant case discloses that it is temporary in effect, the pertinent part thereof being as follows:

"This cause coming on to be heard, upon application of the complainant for a Temporary Mandatory Injunction,

upon affidavits filed in support thereof and upon the answer of the defendant filed herein, and the counsel for the respective parties having argued and submitted the matter, the court being advised in the premises and it appearing to the court that irreparable injury would be done the said complainant should the obstructions set out in said Amended Bill of Complaint be allowed to remain and that the free and unobstructed use of the roads hereinafter described has been obstructed by the said defendant, his servants, agents or employees and that the said complainant is entitled to the relief by Temporary Mandatory Injunction prayed for in his said Amended Bill of Complaint;

"THEREUPON, upon consideration hereof it is considered, ordered, adjudged and decreed that a Temporary Injunction do issue out of this court as prayed for in the complainant's Amended Bill of Complaint, under the seal of this court directed to the said defendant, A. B. Zetrouer, requiring him to immediately remove any and all obstructions that might have heretofore or that might be placed upon the following described roads, or either of them, by the said defendant, his agents, servants or employées; towit:   * * *  in so far as such obstructions shall in any wise hinder and obstruct the free and unrestricted use of the said roads above set out, until further order of this court."

On the showing made by the entire record, it does not appear that the discretion of the chancellor was improperly exercised, so his decree is affirmed, without prejudice to enter such decree on final hearing as the facts in the case may warrant.

WEST, C. J., AND WHITFIELD AND ELLIS, J. J., concur.