DADE COUNTY v. O. D. SNYDER, *et ux.*

191 So. 185
Division B
Opinion Filed September 26, 1939

*Hudson & Cason,* for Appellant;

*O. B. White,* for Appellees.

CHAPMAN, J.—On December 13, 1936, the Board of County Commissioners of Dade County, Florida, filed in the Circuit Court of said County its bill of complaint alleging that during the year 1910 or 1911 Dade County established and constructed a certain highway now known as Northwest 91st Street, being then situated north of and near the city limits of the City of Miami, Florida; that the highway has been a public thoroughfare and has been kept and maintained by Dade County continuously since it was established, and likewise used and enjoyed as a highway by the general·public since established.

During the year 1936 the defendants caused a portion of said highway to be excavated, blocked off and barricaded by constructing across said highway a concrete foundation twenty-two feet in width by thirty-eight feet in length, and said excavations and obstructions in connection with the concrete foundation now prevent the use of the highway by the public.

The prayer of the bill is for a restraining order prohibiting the further obstruction of the highway until a further order of the court, and upon final hearing that the defendants be directed to remove the obstructions, to fill the excavations and to place the highway in as good condition as it was prior to making the excavations and obstructions,

and from further interference in any manner with the proper use of the highway by the public.

The defendants by answer denied the establishment of the road during the year 1910 or 1911, and alleged that same was done about the latter part of 1917, and deny that the plaintiff had maintained or kept or that the public had used the road since its alleged establishment in 1910 or 1911. It was admitted in the answer that they caused the described portion of the road to be excavated and barricaded and placed down a concrete foundation so as to prevent the continued use of the highway by the public; that the defendants were the owners of the title to the land where the concrete foundation had been placed by them.

The answer made known further that the defendants and a member of the Board of County Commissioners of Dade County, in May or June, 1936, reached terms whereby the road was to be closed at the point in question and the general direction of the road changed by the board so as to permit the defendants here to make the excavations and obstructions sought to be enjoined and that said action on the part of the defendants was with the consent, knowledge and approval of a member of the Board of County Commissioners of Dade County and that this member was acting as agent for the entire board in and about the acts and doings sought to be enjoined.

Testimony was taken in the lower court on the issues presented by the pleadings and upon final hearing the chancellor below made and entered an order or decree dismissing the bill of complaint. An appeal has been perfected therefrom to this Court and the order or decree of dismissal assigned and argued as reversible error.

The testimony adduced by the plaintiff below was to the effect that the road excavated and obstructed by the de-

fendants was established about the year 1910 or 1911, and had been maintained by the county since established and traveled continuously by the general public since it was established, without interruption, for approximately twenty-five years, when the defendants below made the excavation and obstruction on a lot 75 feet by 165 feet which the road traversed and which one of the defendants acquired from his grandfather in May, 1936. The defendants acquired additional property in the vicinity from Mrs. Vera Roberts. One of the defendants testified that he made the excavations and obstructions and laid the concrete foundation after a conversation with Mr. Turner, a member of the Board of County Commissioners of Dade County, Florida. Some unsigned deeds embracing lands as a right-of-way for the road in question were by the defendants offered in evidence. The Commissioner Turner, when called to the stand, denied that he gave the defendants authority to make the excavations and obstructions and to pour the concrete as testified to by one of the defendants. He also testified that the road in question was carried on the records of Dade County as one of its public roads and that to his personal knowledge the road had been used by the public continuously since 1920 and was maintained at county expense.

There is nothing in the record to contradict the contention of plaintiff below that the road in question was established during the year 1910 or 1911 and had been maintained at county expense and used by the public as a highway until barricaded by the defendants during the year 1936. The right of the defendants to excavate, barricade and pour the concrete was based on the consent or approval of Mr. Turner, one of the commissioners. Assuming that this contention is correct, although it is disputed by Mr. Turner, a grave doubt exists as to the power of Mr. Turner by

verbal agreement to authorize the defendants to do as has been done here.

Section 2451 C. G. L. provides that public roads and bridges of the several counties heretofore established, according to law *or by prescription,* are thereby declared to be public roads and bridges and under the control and management of the board of county commissioners.

Section 2440 C. G. L. is to the effect that no public road can be established, changed or discontinued except on application to the county commissioners, and Section 2441 C. G. L. requires that when a new road is to be established *or an old road changed,* the county commissioners shall issue an order to three disinterested freeholders to view and mark out the best route for the said proposed road * * * and after the route is marked out and their report is accepted by the county commissioners, the county commissioners shall *make an order* for the opening of the new road or changed road and provision is made for compensation to be made to persons aggrieved by such an order.

The county commissioners of Florida are by law invested with the power of general superintendence of the public roads within their respective counties and may establish new roads, change and discontinue old roads, and keep same in good repair. See Section 2436 C. G. L.

There is no evidence in this record to the effect that the Board of County Commissioners of Dade County, Florida, made and entered an order changing the road described in the bill of complaint or authorized the defendants to excavate, barricade and pour concrete on the highway which was established in 1910 or 1911 and continuously used by the general public until obstructed by the defendants in 1936. The road was listed as one of the county's public roads and for years had been kept and maintained at county

expense. The reasons set up in the answer of the defendants and as shown by the testimony adduced in support thereof constitute no legal reason or justification for closing or obstructing this county highway.

The use of the highway by the general public for a period of twenty years vests in the public an easment in the lands for highway purposes. Section 2451 C. G. L. recognizes that roads established by prescription are public roads of Florida and under the management and control of the county commissioners. While it was contended by the defendants that there was never a dedication of the road in question as a highway, it is not necessary to answer this contention because the evidence shows that the road was established in 1910 or 1911 and has been used as a highway by the public, listed as one of Dade County's public roads, and kept and maintained by the county continuously since 1910 or 1911. The presumption exists that the highway was originally established pursuant to law and by the proper authority. There is absolutely nothing in this record to overcome this legal presumption. See Elliott on Roads and Streets, Vol. 1 (4th Ed.), pages 231-2, par. 190-191.

It is clear that the lower court applied an improper principle of law to the case at bar. The law is well settled. See Zetrouer v. Zetrouer, 89 Fla. 253, 103 So. 625. The order or decree of dismissal appealed from is hereby reversed with directions to the lower court to make and enter a final decree in behalf of the plaintiff below in accordance with the prayer of the bill of complaint and for further proceedings thereafter by the lower court in this cause not inconsistent with this opinion.

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

Terrell, C. J., concurs in opinion and judgment.

Justices Thomas and Buford not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.