Suit for restoration of established highway by Citrus County, a political subdivision of the State of Florida, against Lambertha Smalt Love. From a decree dismissing the bill of complaint the complainant appeals.
Reversed with directions.
In March 1948 appellant filed its bill of complaint in the Circuit Court. After alleging the necessary jurisdictional facts it then alleged that Halls River Road was designated as a County road more than twenty-five years ago and has since been continuously used and maintained by the County as such, that in December 1947, appellee illegally destroyed and removed a cattle gap from said road, and barricaded the passage of traffic thereon. She has since refused to replace the cattle gap and remove said barricade and as a result of such refusal the public has been deprived of the use of the road. The bill of complaint prays that defendant be required to replace said cattle gap and remove the barricade and that she be enjoined from further interfering with the road or otherwise obstructing traffic over it. A motion to dismiss the bill of complaint was granted and the County appealed.
The bill of complaint was assaulted on the ground that it failed to state a cause of action and on the further ground that complainant had an adequate remedy at law. It is not clear on which of these grounds the chancellor dismissed it. Read as a whole we think the bill of complaint is sufficient to state a cause of action. On the second point it is quite evident that some relief could be secured at law but the gist of the relief sought is the restoration of an established highway long used by the public but which it is now deprived of by the alleged wrongful acts of the defendant. As to this, equity affords a more complete and adequate remedy.
We are therefore convinced that the judgment appealed from should be reversed on authority of Wilson et al. v. Wakulla Edgewater Co. et al., Fla., 36 So.2d 440. See also Zetrouer v. Zetrouer, 89 Fla. 253, 103 So. 625.
Reversed with directions to reinstate the cause and proceed accordingly.
THOMAS, C.J., and CHAPMAN and ADAMS, JJ., concur. *Page 835