CARROLL, CHAS., Chief Judge.
This is an appeal from a final decree of the Circuit Court for Dade County, dismissing a suit to enjoin the continued use of a city street, title to which was claimed by the plaintiff-appellant.
The record on appeal discloses that the second amended plat of Cocoaplum Heights, recorded May 24, 1911, in Plat Book 1, at page 73 of the Public Records of Dade County, Florida, showed an unnamed 40 foot street. There was no dedication thereof. Uncontroverted testimony established that such property had been a roadway since 1915, and had been used continuously as a public street since then. On April 15, 1926, Coral Gables Corporation filed a plat designated as Coral Gables, Biscayne Bay Section, Part One, Plat E, which was recorded in Plat Book 25, at page 53. That 1926 plat showed a street designated as “Avenue Saldano”, which appears to have been intended to be the street area involved here. However, through an error, the 1926 plat did not place the existing street where it actually was shown and located on the 1911 plat.-
The record further discloses that on August 16, 1950, a plat of the F. H. Dunbar Tract was filed and recorded in Plat Book 51, at page 45. This 1950 plat showed the correct location of the street in question, as it had been shown originally on the 1911 plat.
Meanwhile, the tax assessors had used the 1926 plat as a basis for improper assessment of taxes on the actual street area. On the assumption that it had acquired title thereto through delinquency in such taxes, the Everglades Drainage District executed a deed (under Section 298.46, Fla.Stat, F.S.A., on April 27, 1951) to Samuel B. Berger, purporting to convey the property according to the erroneous 1926 plat. Appellant claims as grantee of the said Samuel B. Berger, who is her son.
*397 Appellant raises two questions as follows:
1. Where the Trustees of Internal Improvement Fund or the Board of Commissioners of the Everglades Drainage District issue a tax deed, does it constitute prima facie evidence of title in the grantee?
2. Does a grantee of a tax deed take the title free of any easements previously encumbering the land?
It is settled in this state that where land has been used as a highway by the general public for a period of twenty years, the public acquires an easement to the same by prescription and a dedication of the land for such use is unnecessary. Zetrouer v. Zetrouer, 89 Fla. 253, 103 So. 625; Couture v. Dade County, 93 Fla. 342, 112 So. 75; Dade County v. Snyder, 140 Fla. 135, 191 So. 185; Downing v. Bird, Fla.1958, 100 So.2d 57; 17A Am.Jur., Easements, § 66, page 677.
The record shows that the parcel in question has been the subject of public user for •street purposes' for more than thirty-six years. After having appeared as such on the 1911 plat, its use for street purposes ■continued after 1926 in spite of the fact that the 1926 Coral Gables plat was inaccurate and did not show the true location of the street.
Aside from other reasons, the established public easement takes priority over the tax deed on which appellant relies, 'because the deed was made subject to easements. The deed states on its face that the •conveyance is “Subj ect to all easements existing on the date of this deed.”
The defendant Dade County claims no right in the street, and is interested only in seeing it maintained as a city street because it furnishes access to a county thoroughfare.
The action of the chancellor in dismissing the cause with prejudice on final hearing was without error.
Affirmed.
HORTON and PEARSON, JJ., concur.