SHANNON, Judge.
The appellant, plaintiff below, has appealed from a final decree which dismissed the complaint with prejudice after all the evidence in the case had been taken. The case is before this court for the second time; our previous opinion being reported as Sumter County v. Brown, Fla.App.1958, 102 So.2d 303.
In the final decree now before this court, the Chancellor states, in part, as follows:
“ * * * Nevertheless, in accordance with the requirements of the mandate from the District Court of Appeals, this Court proceeded further to hear additional evidence, but without the exhibits lost on appeal, and after *264 due consideration thereof, is of the opinion that the evidence and proof which the Appellate Court failed to consider by reason of the loss of such exhibits, have been further supplied and fortified to the extent of meeting the defects set forth in the opinion of the Appellate Court; and this Court, re-affirming all and singular the law and facts set forth in its original findings in this cause, as further supported by the evidence and proof taken on further hearing after reversal, it is now therefore
“Ordered, adjudged and decreed that plaintiff’s amended complaint be and the same is hereby dismissed with prejudice; * *
We note that the Chancellor is of the opinion that there were certain lost exhibits which our court did not have the advantage of seeing when we wrote our previous opinion .in this case. We have checked the record in this case, as well as the prior- case, and all records were in the file and were properly considered.
In the last opinion we stated, at page 305:
“The Chancellor below apparently had the view that the use of it by the public, as well as by the county in its upkeep, was a permissive one and, in view of the fact that the road ran through wild and unimproved land, the plaintiff’s use of the same was merely permissive and not adverse. The evidence of the defendants may show it to be permissive but,. the evidence already taken, points up the fact that the county was using the road adversely to the defendants.”
In the proceedings subsequent to our reversal, the evidence of the defendants was received. We have studied this evidence to determine whether the use of the roadway by the county was a permissive one rather than an adverse one, and we conclude that it does not make out a permissive use, nor does it negative the evidence of adverse use presented by the county.
In view of all the evidence, and upon the authority of Grove v. Reeder, Fla.1951, 53 So.2d 530; Dade County v. Snyder, 1939, 140 Fla. 135, 191 So. 185; and Zetrouer v. Zetrouer, 1925, 89 Fla 253, 103 So. 625, we hold that the plaintiff is entitled to -a final decree in this case.
Reversed for further proceedings not inconsistent with this opinion.
ALLEN, C. J., and KANNER, J., concur.