BARNS, PAUL D., Associate Judge.
Appellee-plaintiff, Gatch, brought a suit in equity seeking an injunction and damages for trespass and taking possession of a strip of land for roadway purposes along the quarter-section line of land owned by Gatch. The defendant, Lake County, answered and alleged that the roadway right of way was in the County by reason of prescriptive rights, which right of way had existed for more than twenty years. The chancellor found for the plaintiff and entered a final decree granting an injunction and awarding damages. Thereupon, the County appealed and assigned the entry of the final decree as error. We find error and reverse.
The County admits appellee-Gatch’s ownership of the land in question, but claims a prescriptive right to an easement of a right of way over a strip along the north side of Gatch’s land. There is testimony that the road has been in its present location for over fifty years. The evidence is clear and convincing that the public for over twenty years has used this road for various purposes, to-wit: driving cattle to a dipping vat, horse riding, going and returning from hunting trips, access to homes, and that the County strawed the ruts on occasions and had put some clay on it before 1959, at which time it resurfaced it with clay along the strip in question after grading it for at least fifteen feet and centering the road on the quarter-section line. There is evidence that at one time there was a fence on both the north and south sides of the right of way in question, which fences *82 have since been removed. The road in question runs east along the north side of Gatch’s land, but where it ends to the east after passing Gatch’s land is uncertain. However, this is not material under the circumstances of the case since the only issue here is whether the County has an easement over Gatch’s land. For the purposes of this suit, the most eastern end of the road may just fade away into the woods, or the road may be a dead-end road and yet be a public county road
Under the common law, a pre•scriptive right of way is based on the presumption of an antecedent grant and the presumption arises upon proof of a continuous peaceable use with knowledge, of the owner of the servient estate for a period of twenty years or more, which facts are established by clear and convincing ■evidence in this case. Zetrouer v. Zetrouer, 1928, 95 Fla. 976, 117 So. 383 and Zetrouer v. Zetrouer, 1925, 89 Fla. 253, 103 So. 625.
The decree appealed is reversed.
SHANNON, Acting C. J., and WHITE, J., concur.