428 So.2d 730 (1983)
Louis CHESLER, et al., Appellants,
v.
Hyman B. HENDLER, et al., Appellees.
Hyman B. HENDLER, et al., Appellants,
v.
Louis CHESLER, et al., Appellees.
Hyman B. HENDLER, et al., Appellants,
v.
Alan CHESLER, et al., Appellees.
Nos. 81-2123, 81-2306, 82-639 and 82-1453.
District Court of Appeal of Florida, Fourth District.
March 16, 1983.
Rehearing Denied April 19, 1983.
Edna L. Caruso, West Palm Beach, Montgomery, Lytal, Reiter, Denney & Searcy, and Mike Davis of Walton, Lantaff, Schroeder & Carson, West Palm Beach, for appellants.
*731 Leo Greenfield of Greenfield & Duval, North Miami, William Grodnick of Myers, Kenin, Levinson, Ruffner, Frank & Richards, Miami, for appellees.
DOWNEY, Judge.
We have for review four non-final orders, which, in great measure, are the not unusual result of the rotation system of judges in the trial court.
This litigation arose when Hyman B. Hendler, Alvin Schwartz, and Betty Kish, individually and on behalf of other stockholders similarly situated, filed their complaint against the directors and officers of Southward Ventures, Inc., Louis Chesler, and Marc-Jay Investments, Inc., and others, seeking 1) damages for certain described fraudulent conduct, 2) an accounting, 3) an injunction, and other relief. After an evidentiary hearing, the original trial judge (whom we will refer to as the predecessor judge) entered orders in October and November, 1981, which are the subject of the appeals in Case Nos. 81-2123 and 81-2306. In said orders the court a) granted a temporary injunction against the directors and officers of Southward Ventures, Inc., prohibiting them from paying to defendant, Marc-Jay Investments, Inc., more than $5,452,000 on a claimed debt of $8,487,000, b) appointed a receiver or judicial liquidator to preserve the assets of Southward pending its dissolution, and c) certified the plaintiffs as a class. From said orders the officers and directors, Louis Chesler, Marc-Jay Investments, and Cliff Mount Investments, filed the aforesaid non-final appeals.
Effective December 1, 1981, the predecessor judge was rotated out to the criminal division of the court and a successor judge was rotated in. On December 31, 1981, Southward filed a motion for extraordinary relief, contending that it was not a party to the proceedings but was affected by the prior orders of the court. Therefore, Southward sought leave to intervene as a defendant and requested that all prior orders be vacated and the complaint be dismissed. In addition, Southward sought the discharge of counsel for the plaintiffs based upon an alleged conflict of interest in that said counsel was also representing Southward in other pending litigation. A hearing was held in January, 1982, at which the successor judge heard argument on the aforesaid motions but testimony was adduced only as to the motion for disqualification of counsel. The motion to intervene as a party defendant was granted. Thereafter, on March 18, 1982, the successor judge entered an order (the subject of the appeal in Case No. 82-639), in which, among other things, the court said:
The Complaint filed by the Plaintiffs in this cause is hereby dismissed. The Plaintiffs shall have twenty (20) days to file an amended Complaint. Since SOUTHWARD VENTURES, INC. was not a party to the cause at the time of the injunction hearing, the said Defendant SOUTHWARD VENTURES, INC.'s Motion to dissolve the temporary injunction as it pertains to said Defendant, SOUTHWARD VENTURES, INC., and to discharge the judicial receiver, is hereby granted, and the said receiver, Sam Phillips, Esq., is hereby discharged. This is not an adjudication by this Court on the merits of the appropriateness of a receiver. The Plaintiffs, should they choose to appropriately plead in the amended Complaint for a receiver and an injunction, will be granted a hearing thereon in accordance with the appropriate rules.
In addition, the order removed counsel for plaintiffs pursuant to the motion to disqualify him.
Since the effect of the successor judge's order of March 18, 1982, was to change the orders of October and November, 1981, while they were lodged in this court on appeal, a motion was filed here requesting relinquishment of jurisdiction to the trial court to further consider the matters involved in the March 18, 1982, order. Upon relinquishment of jurisdiction, the trial court entered an order on June 1, 1982, that was identical to the order of March 18, 1982. The June 1, 1982, order is the subject of the appeal in Case No. 82-1453.
*732 We are of the view that the two appeals from the predecessor judge's orders of October and November, 1981, became moot upon entry of the successor judge's order of June 1, 1982, unless the latter order was reversed. The appeal in Case No. 82-639 became moot upon the entry of the order of June 1, 1982, when the trial court once again had jurisdiction to enter the order. Thus, we turn our attention to the June 1, 1982, order which dismissed the complaint with leave to amend, dissolved the injunction as to Southward, discharged the judicial liquidator, and disqualified counsel for the plaintiffs. As to that order, it is immediately apparent that the only aspect thereof that is subject to a non-final appeal under Florida Appellate Rule 9.130(a) is the dissolution of the temporary injunction. The dismissal of the complaint with leave to amend and the discharge of the judicial liquidator and the disqualification of counsel are not reviewable as a non-final appeal pursuant to Rule 9.130(a). Nor does the fact that the dissolution of the temporary injunction is contained in the same order make the remainder of the questions contained therein reviewable under that rule. Cruse v. Cruse, 373 So.2d 440 (Fla. 3rd DCA 1979). However, we elected to review the disqualification of counsel by writ of common law certiorari.
Having considered all of the plaintiffs' arguments, both procedural and substantive, pertaining to the dissolution of the temporary injunction and the disqualification of counsel, we affirm the dissolution of the temporary injunction noting, however, that the right to a new temporary injunction and appointment of a judicial liquidator upon the filing of an amended complaint is an open question. We also find no reason to quash the aspect of the order in question removing counsel for the plaintiffs.
Accordingly, the order of June 1, 1982, is affirmed in the respects indicated above and the petition for writ of certiorari is denied.
LETTS, C.J., and HURLEY, J., concur.