455 So.2d 593 (1984)
Leon E. SUPAL, Etc., et al., Appellants,
v.
Lorraine MILLER, et al., Appellees.
No. 83-892.
District Court of Appeal of Florida, Fifth District.
September 6, 1984.
*594 H.B. Giedzinski, Ocala, for appellants.
Meredith S. Power, Belleview, for appellees.
FRANK D. UPCHURCH, Jr., Judge.
This is an appeal from a final order enjoining Leon and Cynthia Supal from closing a road on their property. The road runs along the southern perimeter of the Supals' property in Marion County, from Highway 301 on the east to Summerfield Road, a county road, on the west. Appellees own lots along the south side of the road from Highway 301 to approximately the midway point and use the road to get to Highway 301 and Summerfield Road.
Appellees sued to prevent the Supals from closing the road claiming a prescriptive easement. Prior to trial it was agreed that appellees were not seeking a public easement but rather a private prescriptive easement. The court found that the road had been in continuous use for more than twenty years and enjoined the Supals' from closing it. The court also ordered that the road be kept open to the public. We reverse.
In Downing v. Bird, 100 So.2d 57 (Fla. 1950), the supreme court held that to establish a prescriptive easement, a claimant must allege and prove by clear and positive proof, the following elements: 1) actual, continuous, uninterrupted use by the claimant for the full prescriptive period which is twenty years; 2) that the use be adverse under claim of right and either be with the actual knowledge of the owner or so open, notorious and visible that knowledge of the use is imputed to the owner; 3) that such use be inconsistent with the owner's use and enjoyment of his land and must not be a permissive use; and 4) that such use be related to a certain limited and defined area of land, or if for a right-of-way, the use be of a definite route with a reasonably certain line, width and termini. See also Crigger v. Florida Power Corp., 436 So.2d 937 (Fla. 5th DCA 1983); Guerard v. Roper, 385 So.2d 718 (Fla. 5th DCA 1980).
A claimant for a prescriptive easement must have continuously used the easement for the full prescriptive period. See Downing v. Bird. Florida cases have not extensively discussed the application of tacking principles to prescriptive easements, but they clearly indicate tacking can be used to establish a prescriptive easement. For instance, in J.C. Vereen & Sons, Inc. v. Houser, 123 Fla. 641, 167 So. 45, 48 (1936), the supreme court found no prescriptive easement where the claimant could not show that he or "his predecessors in title" exercised use of the plaintiff's property for the prescribed period. In Guerard v. Roper, this court, while finding that a prescriptive easement had not been established because of insufficient evidence of adverse use, did find as an initial matter that the claimant "and his predecessors in title have used the roadway" for over twenty years, thus satisfying the continuing use requirement. 385 So.2d at 720. In Orange Blossom Hills, Inc. v. Kearsley, 299 So.2d 75, 76 (Fla. 1st DCA 1974), the First District upheld the finding of a prescriptive easement where the evidence showed that "the [claimants] and their predecessors in title, as well as the public in general, had created a prescriptive easement as a means of egress and ingress over the property of the defendants for a period in excess of sixty years."
In this case, appellees testified they owned their respective lots since the early 1970's and used the roadway continuously since then. There was no evidence, however, as to who their predecessors in title were and whether such predecessors made use of the roadway in question to reach their property. Appellees basically relied on evidence of use of the roadway by the public for over fifty years to establish the twenty-year continuous use requirement.
*595 By this testimony that the road had been used by members of the public for the prescriptive period, appellees did establish that they and their predecessors in title used the road for the required period. While it is true that in acquisition of a prescriptive easement, the use need not be exclusive and may be in common with the owner or the public, Hunt Land Holding Co. v. Schramm, 121 So.2d 697 (Fla. 2d DCA 1960), the party claiming an easement by prescription must show that he has acquired it by his own use (or that of his predecessors in title) independent of others and he cannot make his right depend on the enjoyment of a similar right by others. 2 G. Thompson, Commentaries on The Modern Law of Real Property, § 343. To allow appellees to rely on use by members of the public to establish a private prescriptive easement would reduce the requirement of a twenty-year prescriptive period to a mockery.[1]
This is not to say that no easement could have been found here. The proper course of action when confronted with long, continuous and adverse use by the general public is to seek a public prescriptive easement.[2] Florida cases clearly establish that the public, like private parties, can acquire an easement by prescription. See, e.g., City of Daytona Beach v. Tona Rama, Inc., 294 So.2d 73 (Fla. 1974); Downing v. Bird, 100 So.2d at 64; Zetrouer v. Zetrouer, 89 Fla. 253, 103 So. 625 (1925). However, here appellees stipulated that they were not trying to establish a public prescriptive easement. In addition, it is generally a legally organized political entity, such as a city or county, which represents the general public in establishment of a public prescriptive easement. 2 Fla.Jur.2d Adverse Possession § 54. See, e.g., Pinellas County v. Roach, 160 Fla. 713, 36 So.2d 364 (1948); Genet v. City of Hollywood, 400 So.2d 787 (Fla. 4th DCA 1981); Lake County v. Gatch, 168 So.2d 81 (Fla. 2d DCA 1964); Sumter County v. Brown, 123 So.2d 263 (Fla. 2d DCA 1960), cert. denied, 127 So.2d 679 (Fla. 1961); Berger v. City of Coral Gables, 101 So.2d 396 (Fla. 3d DCA 1958).
REVERSED.
COBB, C.J., and DAUKSCH, J., concur.
NOTES
[1] Appellees' reliance on Zetrouer v. Zetrouer, 89 Fla. 253, 103 So. 625 (1925) as supporting a finding of a private prescriptive easement in their behalf is misplaced. In Zetrouer, the claimant alleged that he and "his predecessor in title have used the road" for more than thirty years. The supreme court, in affirming the granting of an injunction to prevent obstruction of the road, declared:

The affidavits amply support the claim of continuous, uninterrupted use of the road by complainant and the public for more than 35 years. Where the common law obtains, twenty years continuous and uninterrupted use had always created a prescriptive right as well in the public as private individuals.
103 So. at 627.
Unlike in Zetrouer, here appellees did not show continuous use by themselves and their predecessors in title for at least twenty years.
[2] For purposes of clarification, we do not hold that adverse use was shown here. Rather, because appellees failed to establish the element of continuous use, we do not address the remaining elements necessary for establishment of a prescriptive easement.