469 So.2d 949 (1985)
Leon E. SUPAL and Cynthia Supal, Appellants,
v.
John Franklin PELOT and Richard E. Tuman, Appellees.
No. 84-1566.
District Court of Appeal of Florida, Fifth District.
May 30, 1985.
*950 H.B. Gedzinski, Ocala, for appellants.
John B. Walkup, Jr., of Walkup, Rowe & Cooper, Ocala, for appellees.
COBB, Chief Judge.
The plaintiffs below, John Franklin Pelot and Richard E. Tuman, sought to establish a public road by prescription upon land owned by the defendants, Leon and Cynthia Supal. The complaint alleged that a public road belonging to the Supals and adversely used by the general public for more than twenty years had been blocked by the Supals, and therefore plaintiffs no longer had access to "homes and people residing therein which front on said road." The plaintiffs owned no property accessible via said road.
The defendants moved to dismiss and the plaintiffs sought a temporary mandatory injunction directing the Supals to remove obstructions from the road. At hearing on these motions the Supals argue that only a political entity could bring a suit for a public prescriptive easement and thus the plaintiffs lacked standing. The trial court denied the motion to dismiss. Thereafter, an evidentiary hearing was held on the temporary injunction. At the conclusion, the trial court granted a temporary mandatory injunction directing the Supals to remove certain obstructions from the road.
The Supals appeal, and posit one point on appeal:
Whether the trial court erred in finding that the plaintiffs, as private individuals, had standing to bring this action to enforce their right to use a controversial public road without further finding that the plaintiffs' right to use the road is based on a special and particular injury, differing not only in degree, but also in kind, from that sustained by the community at large.
The argument on appeal is directed to the alleged error of the trial court in not dismissing the plaintiffs' complaint for failure to sufficiently allege standing. See Brooks-Garrison Hotel Corp. v. Sara Inv. Co., 61 So.2d 913 (Fla. 1952). This is not an appeal to review a nonfinal order granting an injunction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B). The denial of a motion to dismiss is not a reviewable nonfinal order under 9.130, even though entered as part of the same court order granting the temporary mandatory injunction. See Chesler v. Hendler, 428 So.2d 730 (Fla. 4th DCA), review denied, 437 So.2d 677 (Fla. 1983).
Accordingly, this appeal is
DISMISSED.
FRANK D. UPCHURCH, JR., J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
The order appealed in this case is akin to Siamese twins with two heads and one body. One denied appellants' motion to dismiss the complaint and the other granted temporary injunctive relief requiring appellants to remove posts, dirt, limbs and trash on a disputed public road, fill trenches, and allow the public and appellees to pass freely. The former head was not appealable as a non-final appeal, but *951 the latter clearly was. Fla.R.App.P. 9.130(a)(3)(B).
Both heads stand or fall in this case on the same body: may a private party, who has no special injury or interest in using a road, sue/obtain injunctive relief, to keep open and use a public road allegedly acquired by public use for twenty years?[1] Although appellants directed their arguments primarily to the non-appealable twin, they argued at the hearing on injunctive relief that the appellees failed to show any clear legal right to such relief because they lacked standing. The court ruled appellees established a prima facie case. I disagree.
At the hearing on the temporary injunction, the appellees were only able to show a minor inconvenience to themselves if they were barred from using the disputed portion of the road. They enjoyed visiting friends whose lands were affected by the blockade, but they owned no property in proximity to it, nor even nearby.
It is well-established that a public prescriptive easement may be established by a private person, rather than a public body, only when a private person has a special kind of injury or interest in the use of the road, which is different from the ordinary members of the public. See Brooks-Garrison Hotel Corp. v. Sara Inv. Co., 61 So.2d 913 (Fla. 1952); Zetrouer v. Zetrouer, 89 Fla. 253, 103 So. 625 (1925); Brown v. Florida Chautauqua Association, 59 Fla. 447, 52 So. 802 (1910); Supal v. Miller, 455 So.2d 593 (Fla. 5th DCA 1984); Mainor v. Hobbie, 218 So.2d 203 (Fla. 1st DCA 1969). Such an interest or injury was not alleged in this case, nor was such a showing made at the hearing to obtain injunctive relief.
A party seeking a preliminary injunction must go forward with proofs sufficient to establish a prima facie case. Torok v. Blue Skies Mobile Home Owners Association, Inc., 467 So.2d 474 (Fla. 5th DCA 1985); Lingelbach's Bavarian Restaurants, Inc. v. Del Bello, 467 So.2d 476 (Fla. 2d DCA 1985); Wisconsin Real Estate Investment Trust v. Rouse, 466 So.2d 289 (Fla. 5th DCA 1985). If a party cannot establish that he has a clear legal right to injunctive relief, it is error to grant it. Russell v. Florida Ranch Lands, Inc., 414 So.2d 1178 (Fla. 5th DCA 1982). This is even more egregious in this case, since the order appealed constituted in part a mandatory injunction. Fabisinski and Cowart, Injunctive Relief in Florida, 4 U.Fla.L.Rev. 571, 577-578 (1951).
Therefore, although appellants address on appeal only the non-appealable twin, I think in this case they should prevail over the appealable twin, since they stand and fall from the same body.[2]Cf. Fla.R.App.P. 9.040(c). I would quash the injunction entered in this case.
NOTES
[1] The common law rule of twenty years' continuous and uninterrupted use prevails in Florida. Zetrouer v. Zetrouer, 89 Fla. 253, 103 So. 625 (1925).
[2] bill without equity is always subject to attack on motion to dismiss, and no restraining order or temporary injunction should be granted thereon. If already granted, the injunction should be dissolved as soon as possible and the bill dismissed.
Fabisinski and Cowart, Injunctive Relief in Florida, 4 U.Fla.L.Rev. 571, 607 (1951).