PER CURIAM.
We are asked to review a non-final order entered by a Judge of Compensation Claims (JCC), which rejected appellants’ contention that the statute of limitations bars appellee’s claim, determined that appellee sustained a compensable injury, and awarded attorney’s fees. Because the order is not final, we limit our review to the JCC’s finding of compensability and decide no other question. See generally Hines Electric v. McClure, 616 So.2d 132 (Fla. 1st DCA 1993); Fla.R.Work.Comp.P. 4.160(b)(3); Fla. RApp.P. 9.130(a)(3)(C)(iv).
At a hearing on May 29, 1992, the JCC delineated the issues by announcing, “The parties have graciously agreed that we would try only the question of the statute of limitations today.” R. 1. The JCC’s order, entered December 23,1992, not only decided the statute of limitations question, but also went on to find a compensable injury, deferring an actual award of benefits pending a determination of disability, and ordered attorney’s fees.
The parties are entitled to notice and an opportunity to present evidence on the issue of compensability. Neither the employee, the employer, nor the carrier adduced medical testimony at the hearing. Accordingly, we reverse the finding of compensability and remand for further proceedings in accordance with this opinion.
REVERSED and REMANDED.
BARFIELD, WOLF and BENTON, JJ., concur.