677 So.2d 915 (1996)
CONSULTANTS & DESIGNERS and Cigna Companies, Appellants,
v.
Sandra BROWN, Appellee.
No. 95-502.
District Court of Appeal of Florida, First District.
July 10, 1996.
Rehearing Denied August 26, 1996.
*916 Jamey S. Rodgers of the Law Offices of Marybeth McDonald, Orlando, for Appellants.
Thomas M. Farrell, IV, of Cianfrogna, Telfer, Reda & Faherty, P.A., Titusville, for Appellee.
WEBSTER, Judge.
In this workers' compensation case, the employer and carrier seek review of a nonfinal order which determined that the accident was compensable, and awarded certain benefits. We conclude that Florida Rule of Workers' Compensation Procedure 4.160(a)(1)(C) was intended to permit review only of a ruling determining whether an accident or occupational disease is compensablei.e., whether an accident or occupational disease arose out of, and in the course of, the claimant's employment. Because the employer and carrier do not challenge the ruling that the claimant's accident was compensable, we conclude, further, that we lack jurisdiction. Accordingly, we dismiss the appeal.
Before the judge of compensation claims, the employer and carrier contested virtually all aspects of the claim, including whether the alleged accident arose out of, and in the course of, the claimant's employment and was, therefore, compensable. The judge of compensation claims found that the claimant's accident had arisen out of, and in the course of, her employment and, accordingly, held that it was compensable. He also awarded various benefits. However, he reserved jurisdiction to address one matter at a future date. Therefore, the order was nonfinal for purposes of appeal. E.g., Bradley v. Hurricane Restaurant, 652 So.2d 443 (Fla. 1st DCA 1995) (in workers' compensation context, final order for purposes of appeal is one which decides all issues ripe for adjudication). On appeal, the employer and carrier challenge either the nature or the amount of various benefits awarded. However, they do not challenge the ruling of the judge of compensation claims regarding compensability. Rather, in their initial brief, they make the following concession:
Although the employer/carrier denied compensability of the claimant's entire claim below, Appellants concede that there is competent substantial evidence to support the JCC's finding that the claimant sustained an injury by exposure to floor stripping fumes on January 13, 1992, when all of the evidence and its permissible inferences are viewed in a light most favorable to the claimant.
Appealability of workers' compensation orders is addressed in Florida Rule of Workers' Compensation Procedure 4.160. That rule was amended effective November 9, 1995, after this appeal had been taken. In re Amendments to the Florida Rules of Workers' Compensation Procedure, 664 So.2d 945 (Fla.1995). We have previously held that the amended rule applies to appeals pending on the date of its adoption. North Alabama Transportation v. Steele, 664 So.2d 318 (Fla. 1st DCA 1995). To the extent relevant, rule 4.160(a)(1)(C) reads:
(a) Jurisdiction of District Court.
(1) The district court shall review by appeal ... any nonfinal order of a judge that adjudicates:

*917 . . . .
(C) compensability, provided that the order expressly finds an injury occurred within the scope and course of employment and that the claimant is entitled to receive causally related benefits in some amount, and provided further that the judge certifies in the order that determination of the exact nature and amount of benefits due to the claimant will require substantial expense and time.
From the words used in the rule, one might conclude that, as long as a nonfinal order ruled on the issue of compensability, any issue decided by the "order" might be immediately appealed. However, it seems to us that one might also reasonably conclude that the rule assumes that such a nonfinal order would adjudicate only the issue of "compensability," leaving for adjudication in a subsequent, final, order any remaining issues, including the "nature and amount of benefits due." Otherwise, there seems little point to the requirement that the judge of compensation claims "certif[y] in the order that determination of the exact nature and amount of benefits due to the claimant will require substantial expense and time." For the following reasons, we conclude that the latter interpretation was the intended one, and that the rule contemplates that only the ruling on the issue of compensability may be challenged by interlocutory appeal.
Prior to the 1995 amendment, the corresponding provision was found in rule 4.160(b)(3). It read: "The district court ... may review any nonfinal order of a judge that adjudicates ... [c]ompensability of accidents or occupational diseases." Notwithstanding the use of the word "order" when addressing what is reviewable, just as is the case with regard to the present rule, in Upjohn Home Health Care Services v. Covington, 634 So.2d 261 (Fla. 1st DCA 1994), we held that review of nonfinal orders pursuant to that rule was limited to the ruling on the issue of compensability, and that no other issues would be considered. It is apparent from that opinion that the holding was based in part on the fact that the Committee Notes to rule 4.160, as it then existed, stated that "[s]ubdivision (b) [was] derived from Florida Rule of Appellate Procedure 9.130." Nothing in the Committee Note to the 1995 amendment suggests an intent to affect that interpretation.
As noted, the provisions regarding nonfinal appeals in what was rule 4.160(b), and is now rule 4.160(a)(1), were "derived from Florida Rule of Appellate Procedure 9.130." Like rule 4.160, rule 9.130(3) provides for appellate review of nonfinal "orders" which adjudicate certain specified issues. Notwithstanding such language, courts have repeatedly rejected the contention that they possess jurisdiction to review rulings on other issues merely because they are included in an order that rules on one of the specific issues listed in rule 9.130(3). See, e.g., RD & G Leasing, Inc. v. Stebnicki, 626 So.2d 1002 (Fla. 3d DCA 1993) (rule does not permit interlocutory review of order denying motion to dismiss simply because of fortuity that order also quashed service of process; fact that order rules on an issue that is subject to interlocutory appeal does not permit rulings made in same order on other issues to "tag along"); Supal v. Pelot, 469 So.2d 949 (Fla. 5th DCA 1985) (defendants may not appeal denial of motion to dismiss for lack of standing simply because ruling was made in same order that granted plaintiffs' request for temporary injunction); Chesler v. Hendler, 428 So.2d 730 (Fla. 4th DCA) (fact that order dissolved temporary injunction did not permit interlocutory appeal of other issues adjudicated in same order), review denied, 437 So.2d 677 (Fla.1983); Cruse v. Cruse, 373 So.2d 440 (Fla. 3d DCA 1979) (fact that order in dissolution of marriage case awarded temporary support did not permit interlocutory appeal of rulings in same order on discovery issues). We have been unable to find any decision to the contrary.
Having concluded that rule 4.160(a)(1)(C) is intended to limit interlocutory review to the issue of "compensability," we must next determine the intended meaning of that word. Notwithstanding that the rule does not include the additional words "of accidents or occupational diseases" found in the prior rule, we find nothing in either the rule, itself, or the Committee Note to suggest an intent to change the meaning of the word "compensability." *918 Accordingly, we conclude that "compensability" is intended to continue to refer to "[c]ompensability of accidents or occupational diseases"i.e., whether an accident or occupational disease arose out of, and in the course of, a claimant's employment.
Based on the foregoing, we hold that Florida Rule of Workers' Compensation Procedure 4.160(a)(1)(C) permits interlocutory review only of a ruling on the issue of compensability of an accident or occupational diseasei.e., of whether an accident or occupational disease arose out of, and in the course of, the claimant's employment. The employer and carrier do not seek review of the ruling on compensability, and we lack jurisdiction to consider the other issues which they seek to present. Accordingly, the appeal is dismissed for lack of jurisdiction.
APPEAL DISMISSED.
JOANOS and LAWRENCE, JJ., concur.