PER CURIAM.
Frederick Heck appeals a non-final order of the trial court which entered a temporary injunction in favor of his mother, Victoria Heck, based on her allegations of abuse and financial improprieties of her son. We affirm in part and dismiss in part.
The subject injunction was entered at an emergency hearing held in November, 1997 after Mrs. Heck had filed a seven-count complaint. Based on specific findings of elder abuse and financial misappropriations by Mr. Heck, the court ordered him to vacate the house, titled jointly in his and his mother’s names, to turn over to his mother the exclusive use of an automobile registered in his name, and to pay his mother sums toward his past due household expenses as her co-tenant.
Mr. Heck argues that the doctrine of res judicata bars the injunction based on a September 1997 ruling by the Domestic Violence court, in which a different judge denied Mrs. Heck an injunction against her son and dismissed a temporary restraining order that she had procured against him.
We disagree. The allegations in Mrs. Heck’s complaint, as well as her testimony at the November, 1997 evidentiary hearing, revealed different circumstances than had existed at the time she sought the injunction in September. The terms of any initial injunction, based upon the circumstances which then prevail, cannot bind a subsequent determination of the appropriate extent of the *1201 injunction under the doctrine of res judicata. Hale v. Miracle Enters. Corp., 517 So.2d 102, 103 (Fla. 3d DCA 1987) (citation omitted).
Because we find that the trial court’s findings below are supported by competent substantial evidence in the record, we affirm. We dismiss that portion of Mr. Heck’s appeal involving the award of sums to Mrs. Heck as falling outside the jurisdiction of Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii) (1997). A party may not appeal a nonappealable ruling simply because it is contained within an order that also contains an appealable order. See Chester v. Hendler, 428 So.2d 730, 732 (Fla. 4th DCA), petition for rev. denied, 437 So.2d 677 (Fla.1983). This dismissal is, of course, without prejudice to raise these financial issues in a plenary appeal.
AFFIRMED in part; DISMISSED in part.
POLEN, FARMER and KLEIN, JJ., concur.