W. SHARP, J.
Anthony Sassano, the former husband, appeals from an order rendered by the trial court as a result of Cynthia Sassano’s, the former wife, motion for contempt, to compel, and for attorney’s fees. The final judgment of dissolution was based on a Stipulated Final Judgment of Dissolution dated January 13, 1998, nunc pro tunc to November 25, 1997. No appeal was taken, nor has the former husband sought relief from judgment. This matter arose because the former husband failed to comply with various provisions of the final judgment, as contended by the wife.
After a hearing, the trial court ordered compliance with various provisions of the final judgment, including one which required the former husband to pay to the former wife two $40,000.00 payments as compensation for 5,000 shares of stock options in Sawtek (the company which employs the former husband). Those payments are in dispute in this appeal.
The former husband made the first $40,-000.00 payment, but did not pay the second. He argued in this cause that the provision of the judgment regarding the payment was in error or ambiguous, because it did not take into account the income tax the former husband had to pay on the stock options when he exercised them. He also pointed out that the parties had contemplated a 60/40 split in his favor, in the value of the stock options, and by not requiring the former wife to pay her share of the taxes associated with the exercise of the options, the relative value of the benefit flip-flopped in favor of the former wife. At the hearing below, the former wife disputed this understanding or intent.
The trial judge reviewed the language of the final judgment. It provides:
[T]he Husband shall retain the right to exercise such stock options but agrees to pay to the Wife two (2) cash payments of $40,000.00, the first cash payment to be made on October 31, 1997 and the second cash payment to be made on Dec. 19, 1997. The two cash payments of $40,000.00 are to be made irrespective of whether the stock options are ever exercised by the Husband.
Another paragraph requires the former wife to pay her portion of taxes in connection with future sale of shares by the wife. That was not the case here. Other provisions deal with payment of taxes and allocation of tax liabilities, but do not apply to these stock options.
The trial court ruled that the language of the final judgment is clear and unambiguous. We do not find the trial court’s ruling erroneous. Bingemann v. Bingemann, 551 So.2d 1228, 1231-32 (Fla. 1st DCA 1989). Based on the language of the final judgment, the two $40,000.00 cash payments are due to the former wife whether or not the former husband ever exercised his stock options. There is no provision to require her to pay taxes on his exercise of the options. Thus the court correctly excluded extrinsic evidence of the parties’ (ie., the former husband’s) intent that the former wife be required to pay her share of the taxes when he exercised the options.
This result may not be equitable or what the parties actually contemplated as asserted by the former husband, but these arguments come too late. They could have been made on direct appeal,[1] or as grounds for a motion for relief from judgment.[2] At this point, the former husband is bound by the stipulated judgment into which the parties entered, in open court. He cannot now seek a belated appeal of the final judgment under the guise *446 of appealing from this contempt order. Heck v. Heck, 714 So.2d 1200 (Fla. 4th DCA 1998); Chesler v. Hendler, 428 So.2d 730, 732 (Fla. 4th DCA 1983).
AFFIRMED.
HARRIS and ANTOON, JJ., concur.

. Vaccaro v. Vaccaro, 677 So.2d 918 (Fla. 5th DCA 1996); Miller v. Miller, 625 So.2d 1320 (Fla. 5th DCA 1993); Nicewonder v. Nicewonder, 602 So.2d 1354 (Fla. 1st DCA 1992).

. See Huffman v. Huffman, 596 So.2d 718 (Fla. 2d DCA 1992).