IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RAMONA ZAVALA,

  Appellant/Cross-Appellee,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

v.

CASE NO. 1D14-4617

ECONOMIC DEVELOPMENT
COMMISSION OF MID-FLORIDA,
INC. D/B/A METRO ORLANDO
ECONOMIC DEVELOPMENT
COMMISSION/ESIS, INSPERITY
SUPPORT SERVICES, LP/ACE
AMERICAN INSURANCE
COMPANY/SEDGWICK CMS,

  Appellees,

and

WORKFORCE OF CENTRAL
FLORIDA/FLORIDA
DEPARTMENT OF FINANCIAL
SERVICES-DIVISION OF RISK
MANAGEMENT

  Appellees/Cross-Appellants,
_____/

Opinion filed October 15, 2015.

An appeal from an order of the Judge of Compensation Claims.
Neal P. Pitts, Judge.

Date of Accident: November 12, 2013.

Kelli Biferie Hastings of the Law Office of Kelli B. Hastings, PLLC, Orlando, and Adam Littman of Adam Ross Littman, P.A., Winter Park, for Appellant/Cross-Appellee.

Kristen J. Longberry of The Longberry Law Firm, P.A., Orlando, for Appellees and Gerald F. Znosko of Znosko & Reas, P.A., Orlando, for Appellees/Cross-Appellants.

RAY, J.

In this workers' compensation case, Claimant appeals a nonfinal order that adjudicates compensability of her accidental injury. In a bifurcated order meeting the requirements of Florida Rule of Appellate Procedure 9.180(b)(1)(C), the Judge of Compensation Claims found that the State of Florida (Appellees/Cross-Appellants) is Claimant's employer for the purpose of workers' compensation coverage under subsection 445.009(11), Florida Statutes (2013), and that, although Claimant sustained a compensable workplace injury, she is not entitled to payment of indemnity benefits in accordance with the same statutory provision. In the cross-appeal, the State challenges the JCC's finding of a compensable workplace injury, which was based on the JCC's rejection of the applicability of the "going and coming" rule.

Because competent substantial evidence supports the JCC's finding of a compensable workplace injury, we affirm the issue raised on cross-appeal without comment. With regard to the appeal, we also affirm the JCC's finding that the State

2

is Claimant's sole employer for payment of benefits under the plain language of subsection 445.009(11), which deems a participant in an adult or youth work activity under chapter 445 to be "an employee of the state for purposes of workers' compensation coverage."

Although we affirm the order on appeal on the issue of compensability — i.e., the determination that Claimant sustained an accidental workplace injury for which she has coverage from the State — we cannot, because of jurisdictional restraints, reach the second issue raised on appeal by Claimant: whether subsection 445.009(11) unconstitutionally (or impermissibly) bars her entitlement to indemnity benefits. In an order entered November 26, 2014, this court appropriately advised the parties that this appeal and cross-appeal would proceed as one taken under Florida Rule of Appellate Procedure 9.180(b)(1)(C) and thus would be limited to the appealable portions of the nonfinal order adjudicating compensability. See Consultants & Designers v. Brown, 677 So. 2d 915, 917 (Fla. 1st DCA 1996) (concluding rule permitting appeal of nonfinal order adjudicating compensability "contemplates that only the ruling on the issue of compensability may be challenged on interlocutory appeal"). Here, the JCC's denial of indemnity benefits goes beyond the issue of compensability. The appealed order is a nonfinal order with regard to indemnity benefits because the JCC reserved for another day

adjudications on Claimant's entitlement to medical benefits and other claims.[*] Thus, the ruling on indemnity benefits is an issue this court may address only upon entry of an order resolving, with finality, all the disputes raised in the underlying case.

Accordingly, we AFFIRM that portion of the appealed nonfinal order adjudicating compensability and expressly decline to consider Claimant's constitutional challenge to subsection 445.009(11) for lack of jurisdiction.

ROBERTS, CJ., and THOMAS, J., CONCUR.

---

[*] Consistent with the nonfinal nature of the order, the JCC directed the parties to schedule a second merits hearing to resolve the substantive claims and defenses.

4